Ian M. Fischer (AZ Bar No. 026239)
**HUSCH BLACKWELL LLP**
2415 E. Camelback Road, Suite 420
Phoenix, AZ 85016
Telephone: (480) 824-7900; Facsimile: (480) 824-7905
E-Mail: Ian.Fischer@huschblackwell.com

Jody Rudman (Pro Hac Vice Application to be filed)
**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 703-5716; Facsimile: (512) 479-1101
E-Mail: Jody.Rudman@huschblackwell.com

Scott Davis (Pro Hac Vice Application to be filed)
**HUSCH BLACKWELL LLP**
1900 North Pearl Street, Suite 1800
Dallas, TX  75201
Telephone: (214) 999-6100; Facsimile: (214) 999-6170
E-Mail: Scott.Davis@huschblackwell.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Health Insurance Company, LLC, individually and by and through its members:<br>Virender Sharma, MD;<br>Ananya Das, MD;<br>Mankanwal Sachdev, MD;<br>Nelson Lim, MD; and<br>Hack Jae Kim, MD;<br>*and*<br>Nizam Missaghi, MD in his individual capacity;<br>Mahesh Mokhashi, MD, in his individual capacity;<br>The Mankanwal and Jasgit Sachdev Living Trust; and<br>The Sharma Family Irrevocable Trust,<br><br>Plaintiffs,<br><br>v. | Case No. _____<br><br><br><br><br>**ORIGINAL COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Siddharth Jawahar a/k/a Siddarth Jawahar;
Swiftarc Fund, LP; and
Swiftarc Capital, LLC,
                    Defendants.

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Arizona Health Insurance Company, LLC (the "Captive"), individually and by and through its members Virender Sharma, MD; Ananya Das, MD; Mankanwal Sachdev, MD; Nelson Lim, MD; and Hack Jae Kim, MD; *and* Nizam Missaghi, MD in his individual capacity; Mahesh Mokhashi, MD in his individual capacity; The Mankanwal and Jasgit Sachdev Living Trust; and The Sharma Family Irrevocable Trust (collectively "Plaintiffs") submit this complaint against Siddharth Jawahar a/k/a Siddarth Jawahar ("Jawahar"); Swiftarc Fund, LP (the "Swiftarc Fund"); and Swiftarc Capital, LLC ("Swiftarc Capital") (collectively "Defendants"), and allege as follows:

**I.     NATURE OF THE CASE**

1.     Jawahar, who holds himself out as an investment banker and financial consultant, induced several Arizona-based physicians and entities they controlled to invest in his venture capital fund, Swiftarc Fund, LP (the "Swiftarc Fund").

2.     Collectively, the Plaintiffs invested millions of dollars in the Swiftarc Fund.

3.     The General Partner of the Swiftarc Fund is Swiftarc Capital. The Swiftarc Fund and Swiftarc Capital (collectively, the "Swiftarc Entities"), are controlled by Jawahar, who, on information and belief, has used the Swiftarc Entities interchangeably when communicating about the issues herein.

4.     Per Jawahar's representations, the guiding principle of the Swiftarc Fund is capital preservation. Jawahar's representation that capital would be preserved by the Swiftarc Fund no matter the market conditions was critical to all of the Plaintiffs' decisions to invest in the Swiftarc Fund.

5.     Jawahar further promised all of the Plaintiffs in written materials that they

could withdraw and redeem their investments at any time.  This representation was also critical to all of the Plaintiffs' decisions to invest in the Swiftarc Fund, and each of the Plaintiffs relied on this representation in deciding to invest in the Swiftarc Fund.

6.	Each of the Plaintiffs has submitted a valid and acknowledged redemption request to the Swiftarc Fund and/or the Swiftarc Entities and Jawahar, and each has endeavored for many months to receive redemptions.  To date, Jawahar and the Swiftarc Entities have delayed, made excuses, made false and unkept promises, become unresponsive, and failed to make redemptions.

7.	Despite Jawahar's representation that the Swiftarc Fund was entirely liquid and his many promises to honor redemptions of the shares and accounts of each of the Plaintiffs, Jawahar and the Swiftarc Entities have not followed through. Jawahar ceased almost all contact with the Plaintiffs in January 2020.  In fact, on information and belief, recently the Swiftarc Fund was apparently locked out of its Austin, Texas location and abruptly moved to New York without sending notice or forwarding information to the Plaintiffs.

8.	In this lawsuit the Plaintiffs seek to recoup the monies they entrusted to Jawahar and/or the Swiftarc Entities along with all additional funds owed to them, and hold the Defendants accountable for their conduct and false and fraudulent statements.

## II.   JURISDICTION AND VENUE

9.	This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.	The Court has personal jurisdiction over these Defendants because Jawahar individually and on the Defendants' behalf had sufficient contacts with the State.  Jawahar traveled to Phoenix to pitch the Swiftarc company investments to the Plaintiffs.  Thereafter, Jawahar had numerous additional in-person meetings with the Plaintiffs in Phoenix to pitch additional investment opportunities and give updates on the Plaintiffs' current investments. Jawahar on behalf of the Swiftarc Entities entered into contracts with Arizona individuals

and entities they controlled and had continuing relationships, obligations and communications with Arizona citizens. Furthermore, the Defendants' actions caused harmful effect within the state of Arizona.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this District. Jawahar traveled to this District to pitch his investments to these Plaintiffs. The Defendants induced all Plaintiffs to invest within this District, made promises and communications to the Plaintiffs in this District, monies invested originated within this District, and all monies sought herein are due to persons and entities they control residing, working and banking within this District.

### III.   PARTIES

12. Defendant Jawahar, an individual and resident formerly of Austin, Texas and recently of New York, New York can be served at his current address 1 World Trade Center, 85th Floor, New York, New York 10007. In the alternative, he may be served at his last-known addresses in Texas: 98 San Jacinto Blvd Unit FSR805, Unit 7, Austin, TX 78701; and 98 San Jacinto Blvd Apt. 337, Austin, TX 78701.

13. Defendant Swiftarc Fund, LP is a Delaware limited partnership with its principal place of business listed in current Secretary of State records as being at 401 Congress Avenue, Suite 2660, Austin, Texas 78701. According to current records, it may be served through its registered agent Bering Strait Capital, LLC, at 401 Congress Avenue, Suite 2660, Austin, Texas 78701.

14. Defendant Swiftarc Capital, LLC is a Delaware limited liability company registered in Texas, with its principal place of business listed in current records as being at 300 West 6th Street, Suite 2300, Austin, Texas 78701. On information and belief, its members are Siamc Kamalie, a Texas resident; and Siddharth Jawahar, a former Texas resident and current New York resident. According to current records, Swiftarc Capital, LLC may be served through its registered agent Siamc Kamalie, 300 West 6th Street, Suite 2300, Austin, Texas 78701.

15. Plaintiff Arizona Digestive Health Insurance Company, LLC ("the Captive") is a Montana limited liability company whose members are Virender Sharma, MD; Ananya Das, MD; Mankanwal Sachdev, MD; Nelson Lim, MD; and Hack Jae Kim, MD, all residents of the State of Arizona.

16. Plaintiff Nizam Missaghi, MD ("Dr. Missaghi"), is an individual and citizen of the State of Arizona.

17. Plaintiff Mahesh Mokhashi, MD is an individual and citizen of the State of Arizona.

18. Plaintiff The Mankanwal and Jasgit Sachdev Living Trust (the "Sachdev Trust"), is a trust with its primary trustees and beneficiaries located in the State of Arizona.

19. Plaintiff The Sharma Family Irrevocable Trust (the "Sharma Trust") is a trust with its primary trustees and beneficiaries located in the State of Arizona.

**IV. BACKGROUND FACTS APPLICABLE TO ALL PLAINTIFFS**

20. The Plaintiff physicians are medical doctors with practices in the Phoenix, Arizona area. The Captive is a Montana LLC whose five members are medical doctors in the Phoenix area. The Sharma Family Irrevocable Trust is managed by Dr. Virender Sharma, a Phoenix, Arizona-based doctor. The Mankanwal and Jasgit Sachdev Living Trust is managed by Dr. Mankanwal Sachdev, a Phoenix-area doctor.

21. Jawahar is the Chief Operating Officer, Managing Member and/or managing partner at The Swiftarc Fund, Swiftarc Capital, and numerous related Swiftarc companies such as Swiftarc, LLC, and Swiftarc Ventures, LLC. According to Jawahar, the Swiftarc Entities are hedge funds "focusing on undervalued consumer companies in emerging and frontier markets across Asia, Africa and Latin America." According to Jawahar, the portfolio of the Swiftarc Entities consists of fast growing consumer businesses that are listed in local markets. The Swiftarc Entities purport to benefit from deep local relationships and operate in the following consumer staple categories: food retail, fast food, household and basic hygiene products, fast moving goods, food & beverage, and beer, wine

& spirits.[1]

22. Dr. Virender Sharma first encountered Jawahar after Dr. Sharma developed a new technology to treat gastroenterological issues. Santé Ventures, an investment company with expertise in biotechnology, took an interest in Dr. Sharma's invention. Jawahar was an employee of Santé Ventures before developing several of Jawahar's own independent venture capital funds and related companies, including the Swiftarc Fund and the Swiftarc Entities.

23. Jawahar eventually induced Dr. Sharma to invest in The Swiftarc Fund. Jawahar spoke to Dr. Sharma about the success of the Swiftarc Fund and assured Dr. Sharma of the security of his investment.

24. In May 2014, Jawahar then flew to Phoenix, Arizona to pitch The Swiftarc Fund to several of Dr. Sharma's colleagues (and fellow Plaintiffs).

25. Jawahar assured the Plaintiffs that the Swiftarc Fund was focused on capital preservation. He assured them their initial investments would always be easily redeemed, and that Swiftarc was not an aggressive investment fund.

26. Indeed, in written correspondence to the Captive dated August 6, 2014, Jawahar promised, "The Swiftarc Fund, LP has never lost any Limited Partner's principal or invested capital over a calendar year, since inception. And that Capital Preservation is the investment mandate's central tenet."

27. The Plaintiffs entrusted Jawahar and the Swiftarc Entities with their hard-earned monies only after numerous assurances that they would receive 100 percent of their investments back *at a minimum*.

28. Each investment by each of the Plaintiffs carried a corresponding right to redemption. Plaintiffs, with the exception of the Captive, were guaranteed 100 percent capital redemption on a 90-day notice. In a letter agreement dated July 18, 2014, the Captive was granted a special accommodation entitling it to 100 percent capital redemption

---

[1] https://www.crunchbase.com/person/sid-jawahar (last accessed May 5, 2020); *see also* arfoundation.org/board.

on a 30-day withdrawal notice, payable within 45 days after the last day of the month of withdrawal.

29. Each Plaintiff has submitted a redemption request as further detailed herein. Jawahar has acknowledged receipt of those requests, has expressly acknowledged their validity, and has made numerous written promises to pay redemptions. However, no Plaintiff has received a full redemption of his/its investments. Only one Plaintiff has received even a partial redemption. The rest have received nothing.

30. Jawahar is well-aware the Plaintiffs seek their redemption funds. On January 15, 2020, Jawahar confirmed in a text message to Plaintiff Dr. Nizam Missaghi that the Swiftarc Entities were operational and that Jawahar was "not going anywhere." He further represented, "Everyone's capital including yours [sic] will be returned."

31. However, instead of returning Plaintiffs' redeemed investments, Jawahar and the Swiftarc Entities have steadily avoided calls and emails, become unresponsive, made excuses, and/or strung the Plaintiffs along.

32. These actions constitute, at a minimum, civil theft, conversion, unjust enrichment, negligent misrepresentations and fraud, and cannot be permitted.

V.     **ALLEGATIONS SPECIFIC TO THE INDIVIDUAL PLAINTIFFS**

A.     **THE CAPTIVE**

33. Beginning in 2014, the Captive made a series of investments in the Swiftarc Fund, eventually totaling over $2 million. Jawahar on behalf of Swiftarc Capital, the Managing Partner of the Swiftarc Fund, represented in writing that the assets of the Fund would consist solely of cash and freely-tradeable securities. A true and correct copy of Jawahar's letter to the Captive making this representation is attached as Exhibit A. This representation was a critical inducement to the Captive's decision to invest.

34. Also critical to inducing the Captive to invest, Jawahar on behalf of the Swiftarc Entities represented in writing that the Captive's investment would be 100% redeemable on thirty days' notice, and that the Swiftarc Fund's investments would be "100% liquid securities whose value can be calculated on a mark-to-market basis at any

point and correspondingly be sold at market value on any day." A true and correct copy of this written representation is attached hereto as Exhibit B (emphasis in original).

35. To date, none of the money invested by the Captive has been returned despite an acknowledged redemption request and repeated promises.

36. Specifically, in early August 2019, Dr. Ananya Das on behalf of the Captive was in ongoing communications with Jawahar on behalf of the Swiftarc Fund regarding a need and desire for the Captive to redeem its investment. Dr. Das on behalf of the Captive made Jawahar aware that time was of the essence for the redemption to be returned to the Captive account. Jawahar eventually sent to Dr. Das a redemption form.

37. On or about September 13, 2019, Jawahar wrote to Dr. Das and the other Captive members that the redemption would be processed in Q4 of 2019 after October 25, and that Jawahar understood time was of the essence.

38. On or about September 19, 2019, Dr. Das on behalf of the Captive signed the redemption form. The Captive's redemption form was received and acknowledged by Jawahar on behalf of the Swiftarc Entities that same day. True and correct copies of the redemption form and Jawahar's acknowledgement of receipt are attached hereto as Exhibits C and D.

39. On or about November 5, 2019, Jawahar on behalf of Swiftarc Capital wrote that "the redemption process was initiated as planned" as of close of business October 31, 2019. A true and correct copy of his email is attached as Exhibit E.

40. No funds were repaid to the Captive. Throughout late October and the month of November 2019, Dr. Das continued on behalf of the Captive to seek information regarding the redemption. His efforts were met with silence, excuses, and delays. On November 20, 2019, Jawahar on behalf of Swiftarc Capital apologized for delays due to "extensive travels" and stated, "We are also working with our traders to expedite the sale to actuate the wire before Dec. 15." Jawahar also introduced the Captive to Joseph Kozusko, who "oversees Reporting, Transition and Back Office Operations." A true and correct copy of Jawahar's email is attached as Exhibit F.

41. Just as no redemption was forthcoming in late October, no redemption came in December. On December 13, 2019, Jawahar again apologized for "extensive travels." A true and correct copy of Jawahar's email is attached as Exhibit G.

42. Kozusko on behalf of Swiftarc Capital then wrote that the redemption had been initiated, but the Swiftarc Fund was "experiencing unexpected delays with the foreign exchange transfer related to our primary broker for the Pakistani holdings." A true and correct copy of his email is attached as Exhibit H hereto.

43. In mid-January 2020, Jawahar wrote to Dr. Mankanwal Sachdev acknowledging the Captive group's "frustration with the delay in the group's redemption" and further stated, "We are almost through with this process and should be able to put a lid on it very soon." A true and correct copy of his email is attached as Exhibit I hereto.

44. The Captive has received no redemption to date.

45. The Swiftarc Fund sent a statement to the Captive on or about October 31, 2019, showing that as of October 31, 2019, the Captive had contributed $2,560,882.92 to the Swiftarc Fund, and had earned income of $125,176.85, and inexplicably showing a *withdrawal* of $2,686,059.77. A true and correct copy is attached as Exhibit J. While this paperwork showed a withdrawal as if a redemption had occurred and been paid, in reality no monies have ever returned to the Captive or any of its members on behalf of the Captive.

46. Jawahar's refusal and failure to repay the Captive not only violates Jawahar's and the Swiftarc Fund's own agreements, representations and promises, but has also created tax and other consequences for the Captive and its members.

## B. DR. NIZAM MISSAGHI

47. Dr. Nizam Missaghi invested a total of $650,000 in the Swiftarc Fund: $375,000 deposited on July 24, 2014; $150,000 deposited on August 1, 2017; and $125,000 thereafter.

48. As of December 2018, the value of Dr. Missaghi's investment was calculated to be $776,664.30. A true and correct copy of Dr. Missaghi's Investor Statement is attached hereto as Exhibit K.

49. Dr. Missaghi made redemption requests as early as February 2019. According to Jawahar, Dr. Missaghi's redemption was to be completed and funds wired by June 15th. After empty promises, delays and silence, Dr. Missaghi then made another written redemption request in mid-June 2019, which was to be effective June 30, 2019.

50. No timely redemption payment was made. Acknowledging such, Jawahar on behalf of the Swiftarc Entities sent to Dr. Missaghi a written agreement to a 10% "inconvenience and relationship premium" to be added to the redemption amount and paid by the Swiftarc Fund's management company. The entire payment was to have been made, in full, by September 15, 2019. A true and correct copy of the acknowledgment and 10% premium agreement is attached hereto as Exhibit L.

51. In January 2020, Jawahar on behalf of Swiftarc Capital wrote to Dr. Missaghi a "Swiftarc Redemption Update" email assuring him the Swiftarc Fund was "operational," acknowledging the Fund owed Dr. Missaghi $150,000 plus the inconvenience fee, and promising another update. A true and correct copy of Jawahar's January 2020 correspondence is attached hereto as Exhibit M.

52. No new update was forthcoming.

53. Jawahar has made periodic payments to Dr. Missaghi in assorted amounts in the total amount of $609,706.99. Continuing to acknowledge the Fund's obligation to redeem Dr. Missaghi's shares and the validity of the redemption request, Jawahar made another installment payment as recently as May 4, 2020. However, to date the full redemption amount has not been paid.

54. Jawahar and the Swiftarc Entities still owe Dr. Missaghi $140,000.

### C. DR. MAHESH MOKHASHI

55. Dr. Mahesh Mokhashi invested a total of $275,000 and has an account valued at $325,095.93: $150,000 deposited on or about December 22, 2015; $125,000 deposited on or about January 28, 2016; and $50,095.93 of earned interest. A true and correct copy of Dr, Mokhashi's investor statement for the period ending October 31, 2019 is attached as Exhibit N.

56. Jawahar assured Dr. Mokhashi in 2019 that the Swiftarc Fund was doing well.

57. In early November 2019, Dr. Mokhashi requested a redemption of his entire account. Almost one month later, he had still heard nothing from Jawahar. On or about November 25, 2019, at Dr. Mokhashi's urging, Jawahar finally responded that Joseph Kozusko "who handles Reporting & Redemptions" would "advise on next steps." A true and correct copy of Jawahar's email is attached as Exhibit O.

58. Thereafter Dr. Mokhashi made another written redemption request, which was acknowledged as received on December 29, 2019. Dr. Mokhashi was informed by "Investor Relations" at Swiftarc Capital that his redemption was expected to be processed in January. A true and correct copy of this correspondence is attached as Exhibit P.

59. To date, no funds have been repaid to Dr. Mokhashi.

### D. MANKANWAL AND JASGIT SACHDEV LIVING TRUST

60. The Mankanwal and Jasgit Sachdev Living Trust (the "Sachdev Trust") invested a total of approximately $1.5 million by wiring funds to Swiftarc, LLC on or about September 20, 2019. While Jawahar on behalf of Swiftarc Capital welcomed the Sachdev Trust "to the partnership" (*i.e.,* the Swiftarc Fund, LP) in an email sent on September 20, 2019, on information and belief Jawahar may have placed these funds into a separate "Swiftarc Opportunities Fund" which was also controlled by Jawahar.

61. Dr. Mankanwal Sachdev on behalf of the Sachdev Trust submitted a redemption request on January 13, 2020.

62. Jawahar confirmed receipt of Dr. Sachdev's redemption email and said he would be in touch regarding next steps. A true and correct copy of this correspondence is attached as Exhibit Q.

63. No additional information was ever received, nor any redemption amounts ever repaid.

### E. SHARMA FAMILY IRREVOCABLE TRUST

64. The Sharma Family Irrevocable Trust (the "Sharma Trust") invested at least $500,000 in the Swiftarc Fund. Despite Jawahar's promises of capital preservation which were critical to the decision to invest, the Sharma Trust's account statement for the period ending October 31, 2019, shows a *loss*, with an account value of $430,085.32. A true and correct copy of the account statement is attached hereto as Exhibit R.

65. On or about January 10, 2020, the Sharma Trust submitted a Redemption Request to the Swiftarc Fund and emailed it to Joseph Kozusko and Jawahar.

66. On February 20, 2020, having received no redemption payment nor an executed copy of the redemption request, the Sharma Trust again emailed Kozusko and Jawahar to correct a date error and request a status and follow up. Kozusko on behalf of Swiftarc Capital wrote back that same day, "We expect a redemption event in a timely matter, and will keep you posted on a timeline." A true and correct copy of this email exchange is attached as Exhibit S.

67. To date, no further communication has been received, and no monies have been paid back.

### VI.   CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF – MONEY HAD AND RECEIVED/ASSUMPSIT

68. Plaintiffs incorporate by reference all preceding paragraphs in this First Claim for Relief.

69. A claim for money had and received may be maintained by showing that the defendant has received or obtained possession of money of the plaintiff which in equity and good conscience he ought to pay over to the plaintiff.

70. Defendants Jawahar and the Swiftarc Entities have knowingly obtained, retained and appreciated a benefit from these Plaintiffs collectively in the amount of at least $4,965,000.00 to which they are not entitled.

71. This total amount referred to above consists of at least $2.5 million from the Captive; $140,000 from Dr. Missaghi; $325,000 from Dr. Mokhashi; $1.5 million from the Sachdev Trust; and $500,000 from the Sharma Trust.

72. Defendants Jawahar and the Swiftarc Entities have acknowledged the validity of each of the redemption requests submitted by the Plaintiffs and promised payment. The redemption amounts are being held by the Defendants Jawahar and the Swiftarc Entities without any legal or equitable justification.

73. Equity and good conscience require that the Plaintiffs be repaid all amounts that Defendants received for investment into the Swiftarc Fund and other Swiftarc Entities, along with all other returns on investment promised, and costs and fees necessary to pursue this relief.

### B. SECOND CLAIM FOR RELIEF – UNJUST ENRICHMENT

74. Plaintiffs incorporate by reference all preceding paragraphs in this Second Claim for Relief.

75. Plaintiffs conferred a benefit upon the Defendants in investing in their funds. Defendants were enriched by the receipt of a benefit of at least $4,965,000.00, at the expense of the Plaintiffs collectively. This total amount consists of at least $2.5 million from the Captive; $140,000 from Dr. Missaghi; $325,000 from Dr. Mokhashi; $1.5 million from the Sachdev Trust; and $500,000 from the Sharma Trust.

76. In light of the allegations herein, it is unjust to allow Defendants to retain that benefit and fail to compensate the Plaintiffs in the amount of their redemptions and earnings.

77. Defendants should be required to repay to Plaintiffs all unpaid amounts of Plaintiffs' investments into the Swiftarc Fund and Swiftarc Entities or any other entities controlled by Jawahar, along with all other returns on investment promised, and costs and fees necessary to pursue this relief.

### C. THIRD CLAIM FOR RELIEF – CONVERSION

78. Plaintiffs incorporate by reference all preceding paragraphs in this Third Claim for Relief.

79. In retaining and refusing to remit Plaintiffs' monies which were due, owing, and payable to Plaintiffs, Defendants engaged in a distinct, unauthorized act of dominion or ownership over property belonging to Plaintiffs.

80. There is an obligation by Defendants, acknowledged by Jawahar repeatedly and recently re-confirmed by Jawahar's payment of an installment to Dr. Missaghi, to pay the funds to the Plaintiffs.

81. Defendants caused damages to the Plaintiffs because the Plaintiffs are deprived of payments which were due, owing, and payable to the Plaintiffs.

82. Plaintiffs request an award of compensatory damages in the amount of at least $4,965,000.00 against Defendants jointly and severally, in an amount to be proven at trial, plus interest at the legal rate from the time of conversion until the time of trial, along with all other returns on investment promised, and costs and fees necessary to pursue this relief

### D. FOURTH CLAIM FOR RELIEF – FRAUDULENT INDUCMENT

83. Plaintiffs incorporate by reference all preceding paragraphs in this Fourth Claim for Relief.

84. Defendants falsely represented to each of these Plaintiffs that they could withdraw 100 percent of their investment at any time. Defendants further represented that the Swiftarc Fund and Swiftarc Entities would preserve all capital invested by Plaintiffs.

85. These false representations were material to the Plaintiffs' decisions to invest, and the Plaintiffs were ignorant of the falsity of these representations.

86. Defendants, at all times, knew their representations were false and made these representations falsely, fraudulently, and with the intent to induce the Plaintiffs to invest based on the false and fraudulent representations.

87. Defendants have also falsely and fraudulently represented to Plaintiffs since at least June 2019 that their investments were in the process of being redeemed and repaid, along with returns on investment tied to the performance of the fund.

88. Defendants, at all times, knew these representations were false and made these representations falsely, fraudulently, and with the intent to induce the Plaintiffs to rely on the false and fraudulent representations.

89. Defendants knew that Plaintiffs, because of their lack of knowledge, inferior bargaining power, and reliance on Defendants' experience, would and did detrimentally rely on the representation and guidance of Defendants. All of the representations referred to above and incorporated herein were false and fraudulent when made, and the Defendants knew they were false and fraudulent when made but made them knowingly and intentionally and with the intent to deceive the Plaintiffs and induce them into making investments and assure and lull them after redemptions were submitted.

90. As a direct and proximate result of the false and fraudulent representations made by Defendants, Plaintiffs have suffered damages in excess of $4,965,000.00.

### E. FIFTH CLAIM FOR RELIEF – NEGLIGENT MISREPRESENTATION

91. Plaintiffs incorporate by reference all preceding paragraphs in this Fifth Claim for Relief.

92. Defendants falsely represented to each of the Plaintiffs that they could withdraw 100 percent of their investments at any time. Defendants further represented that the Swiftarc Fund and Swiftarc Entities would preserve all capital invested by the Plaintiffs.

93. These false representations were material to the Plaintiffs' decisions to invest and caused the Plaintiffs to enter into investment contracts.

94. Defendants have also falsely represented to the Plaintiffs since at least June 2019 that their investments were in the process of being redeemed and repaid, along with returns on investment tied to the performance of the Swiftarc Fund.

95. Defendants, at all times, were negligent as to the falsity of these representations and breached standard duties of care with regard to the accuracy and truth of these representations.

96. The Plaintiffs relied on these representations as true.

97. As a direct and proximate result of the negligent misrepresentations made by Defendants, Plaintiffs have suffered damages in excess of $4,965,000.00.

## VII. DEMAND FOR JURY TRIAL

98. Plaintiffs hereby demand a trial by jury on all issues presented herein.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

(1) Enter judgment in favor of Plaintiffs and against Defendants on Claims One through Five as detailed above, and award Plaintiffs all damages to be proven at trial and pre- and post-judgment interest thereon;

(2) Award Plaintiffs exemplary damages as allowed by law;

(3) Award Plaintiffs attorneys' fees and costs, as allowed by law; and

(4) Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: May 28, 2020.

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Ian M. Fischer*
Ian M. Fischer (AZ Bar No. 026239)
Husch Blackwell LLP
2415 E. Camelback Road, Suite 420
Phoenix, Arizona 85016

Jody Rudman (Pro Hac Vice Application to be filed)
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701

Scott Davis (Pro Hac Vice Application to be

filed)
Husch Blackwell LLP
1900 North Pearl Street, Suite 1800
Dallas, TX  75201

*ATTORNEYS FOR PLAINTIFFS*